# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BRANDON SCOTT HOLBROOK                                                        PLAINTIFF

V.                          CASE NO. 4:09CV00203-BSM-BD

MICHAEL RICHARDS, *et al.*                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background:

Plaintiff, an inmate formerly housed at the Saline County Detention Facility ("SCDF"), filed this action pro se under 42 U.S.C. § 1983. (Docket entry #2) In his Complaint, Plaintiff alleges that on March 7, 2009, Officer Michael Richards used excessive force in an incident that occurred at the SCDF. In addition, Plaintiff claims that Sgt. Jimmy Lester failed to investigate the incident properly. Defendants Richards and Lester now have filed a motion for summary judgment. (#14) Plaintiff has not responded to the motion.[1]

Based upon the information in the record, the Court finds that Plaintiff has failed to demonstrate a genuine issue of material fact as to either Defendant so as to defeat the Defendants' motion for summary judgment. Accordingly, the Defendants' motion (#14) should be GRANTED.

## III. Discussion:

A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its

---

[1] On December 11, 2009, the Court provided Plaintiff an additional fourteen days to respond to the Defendants' motion. (#17) The Order was returned to the Court "undeliverable." (#19)

2

burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex*, 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

  B. Defendant Richards

Plaintiff claims that on March 7, 2009, he asked Defendant Richards's permission to go to his cell to get his Bible. Plaintiff states that, after he made his request, Defendant Richards "got smart with [Plaintiff], using vulgar language." (#2 at p.4) Defendant Richards then "rushed" Plaintiff, forcing him against the wall and causing his head to "bounce" off of the wall. (#2 at p.4) Plaintiff claims that as a result of the incident, he sustained a "knot" on his head. (#2 at p.5)

Defendants attach to their motion for summary judgment, Defendant Richards's affidavit. In the affidavit, Defendant Richards describes his version of the incident in

3

question. Defendant Richards states that Plaintiff was "out of control" and yelling, screaming, and cursing when Defendant Richards intervened. (#14) Defendant Richards explains that he "took [Plaintiff's] right arm with [his] right hand and put [his] left hand in the small of [Plaintiff's] back" in order to escort Plaintiff to his cell. (#14 at p.3) Defendant Richards specifically states that he "did not push [Plaintiff's] head against the wall," and that Plaintiff "did not sustain an injury to his head or to any other body part of his body." (#14 at p.4) Although the accounts of the incident differ, there is no dispute that the Plaintiff made no request for medical attention.

Plaintiff pled guilty to robbery on January 27, 2009. (#14 at p.3) Accordingly, on March 7, 2009, the date of the incident, Plaintiff was a convicted person. "[T]he Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) (citing *Whitley v. Albers*, 475 U.S. 312, 318-322, 106 S.Ct. 1078 (1986)). When reviewing excessive force claims, courts should consider the objective need for applying force, the relationship between the need and the degree of force used, the threat the officials reasonably perceived, any other efforts used to diminish the severity of a forceful response, and the extent of the injury inflicted. *Walker v. Bowersox*, 526 F.3d 1186, 1188 -1189 (8th Cir. 2008) (citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995 (1992)).

In excessive force cases, it must be "determined whether the force was applied 'in a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause

4

harm.'" *Estate of Davis v. Delo*, 115 F.3d 1388, 1394 (8th Cir. 1997) (quoting *Hudson*, 503 U.S. at 6). "Whether a situation justifies the use of force to maintain or restore discipline is a fact specific issue that turns on the circumstances of the individual case or the particular prison setting." *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (internal quotations omitted). In any event, "not every assault or battery which violates state law will create liability under it." *Askew v. Millard*, 191 F.3d 953, 958 (8th Cir. 1999) (citing *Harberthur v. City of Raymore*, 119 F.3d 720, 723 (8th Cir.1997)).

To prevail on an excessive force claim, the Plaintiff must have suffered actual injury. While significant injury is not required, actual injury is. See *e.g.*, *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007) (actual injury requirement satisfied when individual had a bruised and swollen left eye and a reddish-purple face) and *Dawkins v. Graham*, 50 F.3d 532, 535 (8th Cir. 1995) (bruising, facial lacerations, and elevated blood pressure satisfied the actual injury requirement). A plaintiff cannot recover for de minimis use of force unless the de minimis force is "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal citation omitted); *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003) ("a de minimis level of force of injury is insufficient to support a finding of a constitutional violation").

Although the parties' accounts of the altercation differ, even assuming Plaintiff's version of the incident, his claim fails. Defendants correctly point out that Plaintiff has failed to present any evidence that he suffered any "actual injury" as a result of the incident. Based upon the undisputed facts presented, Plaintiff neither sought nor received

5

any medical treatment for any alleged injury that he sustained in the altercation. Although Plaintiff claims that he suffered a "knot" on his head, such an injury is de minimis, as a matter of law. See *Cunningham v. Kern*, 2006 WL 1999143, *6 (W.D. Ark. July 17, 2006) (stating that "the injury that plaintiff claims to have suffered - a knot on his head and headaches - is de minimis . . . [and] does not support plaintiff's claims that he was subjected to excessive force"). See also *Wertish v. Krueger,* 433 F.3d 1062, 1067 (8th Cir. 2006) (noting de minimis injuries include "minor scrapes and bruises and less-than-permanent aggravation" of prior injury); *Lawson v. Vance*, 41 Fed. Appx. 24 (8th Cir. 2002) (unpub. per curiam) (assuming that the defendant slapped inmate plaintiff without provocation, where plaintiff could not show some visible sign of injury, the use of force was de minimis); *Samuels v. Hawkins*, 157 F.3d 557 (8th Cir. 1998) (inmate failed to establish actual injury when he could not provide any evidence of damage to his eyes, though he claimed his eyes were damaged); *Gray v. Baird*, 2009 WL 596458 (E.D. Ark. March 9, 2009) (finding that even if prison official stomped on Plaintiff's foot, such force was de minimis); *Hobbs v. Foreman*, 2008 WL 4542752 (E.D. Ark. Oct. 10, 2008) (finding that force used was de minimis where plaintiff inmate sustained a cut on his head requiring one butterfly stitch); and *Wise v. Oglesby*, 2007 WL 735499 (W.D. Ark. Feb. 16, 2007) (inmate plaintiff failed to establish actual injury requirement when he sustained small cut on his lip, a few bruises, and a contusion on his nose).

Further, Plaintiff has failed to show that any force used was "repugnant to the conscience of mankind." Accordingly, Plaintiff cannot establish that he suffered any

6

constitutional violation, as a matter of law, and Defendant Richards is entitled to summary judgment.

C. Defendant Lester

Plaintiff claims that Defendant Lester failed to properly investigate the incident that occurred between Plaintiff and Defendant Richards and failed to properly preserve the surveillance video of the incident. Supervisors can be held individually liable only if they directly participate in a constitutional violation or if they failed to supervise and train officers. See *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). Plaintiff's allegations against Defendant Lester do not support an eighth amendment claim. Plaintiff has failed to provide any evidence that Defendant Lester acted with deliberate indifference or tacitly authorized any force used. Further, Plaintiff has failed to offer any evidence that Defendant Lester provided inadequate training or supervision. As a result, Defendant Lester is entitled to summary judgment. *Johnson v. Blaukat*, 453 F.3d at 1113.

IV. **Conclusion:**

The Court recommends that Defendants' motion for summary judgment (#14) be GRANTED and that Plaintiff's claims be DISMISSED with prejudice.

DATED this 22nd day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE